**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| YURY GRENADYOR, individually, and on behalf of other similarly situated consumers, | ) ) |
| Plaintiff, | ) ) Case No. 1:23-cv-07189 ) |
| vs. | ) Honorable Edmond E. Chang ) |
| PLATFORM LENDING, LLC., | ) **JOINT INITIAL STATUS REPORT** ) |
| Defendant. | ) ) |

Plaintiff Yury Grenadyor, and Defendant Platform Lending, LLC, by and through undersigned counsel, hereby provide their joint initial status report:

1. The Nature of the Case
    a. Identify the attorneys of record for each party, including the lead trial attorney.

**Plaintiff:**     **Daniel Zemel, Esq.**
                **Zemel Law LLC**

**Defendant:**   **Brendan H. Little, Esq.**
                **Lippes Mathias LLP**

        b. State the basis for federal jurisdiction.

**This Court has jurisdiction over this action as this is an action for damages arising from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter "TCPA"). While initially brought in state court, there is federal jurisdiction for violations of the statute pursuant to 28 U.S.C. §1331.**

        c. Describe the nature of the claims asserted in the complaint and any counterclaims.

**Plaintiff:** This case arises out of a random solicitation text message campaign. Plaintiff has had no dealings with PFL at any time. Plaintiff had never heard of PFL prior to receiving communications from PFL, did not provide PFL his cellular phone number, nor did Plaintiff provide PFL any consent to call or text message Plaintiff. Upon information and belief, through a system that has the capability to generate random numbers, such as Plaintiff's cellular phone number, Plaintiff was randomly sent two automated text messages from Defendant. The messages were sent on or about June 30, 2022 and February 8, 2023. The content of the messages suggested they were automated in nature. At the time Plaintiff received these messages, Plaintiff had been registered on the national do not call registry for over a decade. Upon information and belief, at the time the messages were sent, PFL did not have or maintain a

1

written policy for keeping an internal call list or other record of consumer requests to not receive further telemarketing calls, did not train personnel engaged in telemarketing how to handle do not call requests, did not have a policy or procedure in place to record when an individual requested to be put an on entity's do not call list and did not maintain that list for a period of five years. The multiple messages sent also failed to identify the name of the sender, or whose entity it was sent on behalf of. In addition, Defendant made a solicitation phone call to Plaintiff on or about February 13, 2023. None of the messages or calls provided were for emergency purposes. The messages sent violate the TCPA. Given that Plaintiff has no prior history or correspondence with Defendant, upon information and belief, the phone system used in calling and texting Plaintiff was a randomized dialer, that randomly generated Plaintiff's phone number, and called said number. Plaintiff brings this as a class action on behalf of themself and all others similarly situated who have received similar communications from Defendant, which, as alleged herein, are in violation of the TCPA. Plaintiff also seeks certification of four classes: ATDS, Do Not Call, Internal Call List and Illinois subclass.

**Defendant**: Defendant denies the allegations in the Complaint and the assertion that it violated the TCPA.

       d.   State the major legal and factual issues in the case.

1. **Whether the equipment Defendant, or its agents, used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;**
2. **Whether Defendant, or its agents, systematically sent text messages to persons who did not previously provide Defendant with their prior express consent to receive such text messages;**
3. **Whether Defendant negligently and/or willfully violated the TCPA and/or the IATDA by sending such text messages;**
4. **Whether Defendant negligently and/or willfully violated the TCPA by sending text messages to numbers registered on the National Do Not Call Database;**
5. **Whether Defendant negligently and/or willfully violated the TCPA by failing to institute procedures for maintaining a list of persons who requested not to receive telemarketing calls from Defendant;**
6. **Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and**
7. **Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.**
8. **Whether Plaintiff consented to the conduct alleged of in the Complaint;**
9. **Whether Plaintiff is an adequate class representative.**

       e.   Describe the relief sought by the plaintiff (and counter-claimant).

**Plaintiff seeks statutory, punitive and class damages, as well as injunctive relief preventing Defendant from engaging in illegal solicitation campaigns; and such other relief as determined by the fact-finder.**

2.  Pending Motions and Case Plan

a. Important: state the status of service of process on each defendant.

**Defendant has been served and has entered an appearance.**

b. Identify all pending motions.

**No motions are currently pending.**

c. Submit a proposal for a discovery plan, including the following information:
   i. The general type of discovery needed

**Plaintiff needs discovery including but not limited to Defendant's telephone equipment, policies and procedures regarding the sending of text messages to consumers, the maintenance of an internal Do Not Call List, policies and procedures for ensuring that consumers registered on the National Do Not Call Database are not contacted. Plaintiff will require written discovery, depositions of Defendant and any relevant third-parties and expert discovery.**

**Defendant needs discovery concerning Plaintiff's factual assertions in the Complaint and whether Plaintiff is an adequate class representative.**

   ii. A date for Rule 26(a)(1) disclosures

   **November 3, 2023**

   iii. A date to issue the first-set of written discovery requests

   **December 1, 2023**

   iv. A fact discovery completion date

   **May 3, 2024**

   v. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony)

   Expert Disclosures: **May 24, 2024**
   Rebuttal Expert Disclosures: **June 21, 2024**
   Close of Expert Discovery: **July 19, 2024**

   vi. A date for the filing of dispositive motions.

   **August 2, 2024**

    d.  State whether a jury trial is requested and the probable length of trial

**Yes, the Parties believe a trial will last 2-3 days.**

    e.  State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

**Yes, the Parties agree to service of documents by electronic means.**

3.  Consent to Proceed Before a Magistrate Judge
    a.  State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment.

**The parties do not consent to proceed before a Magistrate Judge.**

4.  Status of Settlement Discussions
    a.  State whether any settlement discussions have occurred

**No settlement discussions have occurred to date.**

    b.  Describe the status of any settlement discussions

**No settlement discussions have occurred to date.**

    c.  Whether the parties request a settlement conference.

**The parties request a settlement conference following the close of discovery.**

Dated: September 27, 2023                Respectfully submitted,

<u>*/s/Daniel Zemel*</u>
Daniel Zemel, Esq.
Zemel Law LLC
400 Sylvan Ave.
Suite 200
Englewood Cliffs, New Jersey 07632
T (862) 227-3106
dz@zemellawllc.com
*Attorney for Plaintiff*

<u>/s/ *Brendan H. Little*</u>
Brendan H. Little
Lippes Mathias LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202

4

T: 716-853-5100
blittle@lippes.com
*Attorney for Defendant*

5